UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Thomas M. Olsen

   v.                                          Civil No. 06-cv-477-JD
                                                Opinion No. 2007 DNH 036

Town of Loudon


O R D E R

Thomas M. Olsen brings two claims under the Fair Labor Standards Act ("FLSA"), alleging that his former employer, the Town of Loudon, failed to pay him compensation to which he was entitled in violation of 29 U.S.C. §§ 206 and 207 and failed to maintain accurate records of the hours he worked in violation of § 211.  The Town of Loudon moves to dismiss Olsen's claim that he was not properly compensated while attending the New Hampshire Police Standards and Training Academy.  Olsen opposes the motion to dismiss.


Standard of Review

In considering a motion to dismiss, the court "take[s] as true all well-pleaded allegations and draw[s] all reasonable inferences in the plaintiff's favor."  Ezra Charitable Trust v. Tyco Int'l, Ltd., 466 F.3d 1, 5-6 (1st Cir. 2006).  "The court need not accept a plaintiff's assertion that a factual allegation

satisfies an element of a claim, however, nor must a court infer from the assertion of a legal conclusion that factual allegations could be made that would justify drawing such a conclusion." Cordero-Hernandez v. Hernandez-Ballesteros, 449 F.3d 240, 244 n.3 (1st Cir. 2006).  "'A complaint should not be dismissed unless it is apparent beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.'" Stanton v. Metro Corp., 438 F.3d 119, 123-24 (1st Cir. 2006) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) (other quotation marks omitted).

## Background

Olsen alleges that he began working as a police officer in Loudon on December 27, 2004, and resigned in July of 2006. During his employment, he was required to attend the Academy for a twelve-week period instead of performing his regular duties as a police officer.  While at the Academy, Olsen was paid for forty hours of work each week.  He alleges that during that time, he "routinely worked in excess of 40 hours per week, but was paid for only forty hours per week."  Compl. at 3.

Discussion

As part of his first claim, Olsen contends that he was not compensated for the time beyond forty hours per week he worked while attending the Academy. He asserts that failure to pay him for the excess hours he worked violated the FLSA. Loudon moves to dismiss Olsen's claim arising from his time spent in training at the Academy on the ground that under the regulations implementing the FLSA it was not required to compensate Olsen for time he spent there in excess of his regular working hours.

Under the regulations promulgated pursuant to the FLSA, time spent in training that is not voluntary and is related to the employee's job is generally compensable. 29 C.F.R. § 553.226(b). Exceptions exist, however, when an employee attends specialized training outside of regular working hours that is either required by law for certification within a particular governmental jurisdiction or is required for certification by a higher level of government. Id. In addition, police officers attending a training facility "are not considered to be on duty during those times when they are not in class or at a training session, if they are free to use such time for personal pursuits. Such time is not compensable." § 553.226(c).

Loudon contends that any hours beyond forty in each week Olsen spent in training at the Academy were not compensable under

§ 553.226(b)(2) because the training was required for certification by state law.  Olsen argues, among other things, that § 553.226(b) does not apply to compensation owed for attendance at a training academy and that, instead, § 553.226(c) governs that compensation.  Loudon did not address the application of § 553.226(c) in its motion or its reply.

"In statutory construction, the more specific treatment prevails over the general."  In re Lazarus, --- F.3d ---, 2007 WL 39640 at *6 (1st Cir. Jan. 9, 2007).  While § 553.226(b) addresses training outside of normal working hours, § 553.226(c) more specifically addresses training by police officers at a training facility such as a police academy.  In the absence of any reasoned basis to ignore § 553.226(c) in the circumstances of this case, it would appear to provide the governing rule instead of § 553.226(b).  Because Loudon failed to address § 553.226(c), the regulation that appears to govern compensation under the FLSA in this case, the motion is denied.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 4) is denied.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 27, 2007

cc:  Hugh T. Lee, Esquire
     David P. Slawsky, Esquire